IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROLLSTOCK, INC. | : | |
| | : | MISCELLANEOUS ACTION |
| v. | : | |
| | : | NO. 22-MC-20 |
| SUPPLYONE, INC. | : | |

## MEMORANDUM

**SURRICK, J.**                                                                                                    **MAY 6, 2022**

Presently before the Court is Plaintiff Rollstock, Inc.'s Motion to Compel Production and Inspection (ECF No. 1) against non-party All Holding Company, LLC ("ALL").  This matter stems from a contract between Rollstock and Defendant SupplyOne, Inc. wherein Rollstock agreed to manufacture a RC-300 Rotary Chamber Vacuum Packing System ("the Machine") for ALL, and SupplyOne agreed to pay Rollstock for the Machine.  Rollstock initiated this lawsuit against SupplyOne after SupplyOne refused to pay the second half of the contract price, alleging that the Machine did not function as intended.  Now, Rollstock seeks various documents and an inspection of the Machine from ALL pursuant to a subpoena.  ALL opposes this motion and objects to the subpoena, arguing that the majority of the documents requested in the subpoena are already in the hands of the parties, Rollstock and SupplyOne.  It also asserts that the requests are overbroad, unduly burdensome, and not relevant.  For the reasons that follow, the Motion to Compel will be granted in part and denied in part.

**I.        BACKGROUND**

SupplyOne hired Rollstock to manufacture a RC-300 Rotary Chamber Vacuum Packaging System for ALL.  Rollstock built the Machine to SupplyOne and ALL's specifications and delivered it to ALL on time.  Rollstock installed and debugged the Machine.  Rollstock and

SupplyOne technicians serviced the Machine over several months to address ALL's concerns with the Machine. Rollstock alleges that thereafter the Machine was working properly and had no issues. SupplyOne paid half of its contract price for the Machine shortly after it was ordered but failed to pay the remaining balance owed for the Machine, parts, and labor. After SupplyOne continued to fail to pay, Rollstock filed suit against SupplyOne in the Western District of Missouri. SupplyOne filed an Answer which included a Counterclaim, alleging that the Machine failed to serve its intended function which resulted in SupplyOne paying a significant amount of money in repair costs.

On March 14, 2022, Rollstock served a subpoena on ALL requesting documents and to perform an inspection of the Machine. Counsel for non-party ALL responded on March 23, 2022 asserting various objections to the subpoena. After ALL objected to the subpoena requests via email, Rollstock filed the instant Motion to Compel Production and Inspection. Rollstock asserts that the subpoena requests are relevant because they focus on the Machine and its purchase, installation, use, maintenance, and repair.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 45 governs the requirements for subpoenas served upon non-parties. Under the Rule, a party serving a subpoena on a non-party must take reasonable steps to avoid imposing an undue burden or expense on the non-party subject to the subpoena. Fed. R. Civ. P. 45(d)(1). In determining whether a subpoena imposes an undue burden, courts should "weigh the burden to the subpoenaed party against the value of the information to the serving party." *Spring Pharm., LLC v. Retrophin, Inc.*, No. 18-04553, 2019 U.S. Dist. LEXIS 133316, at *10 (E.D. Pa. Aug. 7, 2019) (citing *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998)). The "unwanted burden" put upon non-parties by a subpoena "is afforded

special weight in evaluating the balance of competing needs in a Rule 45 inquiry." *Id*; *Avago Techs. U.S., Inc. v. IPtronics Inc.*, 309 F.R.D. 294, 297 (E.D. Pa. 2015) ("Broader restrictions may be necessary to prevent a non-party from suffering harassment or inconvenience.").

In addition, Federal Rule of Civil Procedure 26 requires that information obtained during discovery is relevant to the claim and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). For non-party discovery, it is widely accepted that a stronger showing of relevancy is required and discovery is more restricted. *Zukoski v. Phila. Elec. Co.*, No. 93-4780, 1994 U.S. Dist. LEXIS 16187, at *10 (E.D. Pa. Nov. 14, 1994); *Spring Pharm.*, 2019 U.S. Dist. LEXIS 133316, at *10 (citing *Dart Industries Co., Inc. v. Westwood Chemical Co.*, 649 F.2d 646 (9th Cir. 1980)) ("A court's 'restriction [on discovery] may be broader when a non-party is the target of discovery.'"); *Hirtle Callaghan Holdings v. Thompson*, No. 18-2322, 2021 U.S. Dist. LEXIS 57888, at *9 (E.D. Pa. Mar. 26, 2021) ("When discovery is sought from a non-party, '[b]roader restrictions may be necessary to prevent a non-party from suffering harassment or inconvenience.'"); *Centrix Fin. Liquidating Tr. v. Nat'l Union Int'l Co. of Pittsburgh, P.A. (In re Centrix Fin., LLC)*, No. 12-6471, 2012 U.S. Dist. LEXIS 179131, at *16 (D.N.J. Dec. 18, 2012) ("Everest is a non-party and therefore is afforded greater protection from discovery than a normal party."); *Stamy v. Packer*, 138 F.R.D. 412, 419 (D.N.J. 1990) ("Initially, it should be noted that the standards for nonparty discovery require a stronger showing of relevance than for simple party discovery.").

## III.     DISCUSSION

ALL objects to Rollstock's requests for documents and to its request for inspection of the Machine.[1]  It objects to two groupings of document requests: (1) requests for documents that ALL alleges are already in the possession or control of the parties to the litigation, and (2) requests for documents relating to ALL's employees.  ALL also objects to Rollstock's request to inspect the Machine.  For the reasons that follow, we will grant the Motion in part and deny it in part, with respect to the document requests.  Further, we will grant the Motion as to Rollstock's request to inspect the Machine.

### A.     Requests for Information in Possession or Control of a Party[2]

ALL argues that many of the requested documents are already in the parties' possession and, therefore, are more easily obtained by them.  In the Eastern District of Pennsylvania, courts are reluctant to require non-parties to provide discovery that can be produced by a party.  *See, e.g., Spring Pharm.*, 2019 U.S. Dist. LEXIS 133316, at *10 ("Courts are particularly reluctant to require a non-party to provide discovery that can be produced by a party.  Accordingly, [a] court may prohibit a party from obtaining discovery from a non-party if that same information is available from another party to the litigation.").  Where discovery is requested from a non-party,

---

[1] Rollstock also argues that ALL failed to follow correct procedure in objecting to the subpoena because it did not file its initial objections with the Court or file a Motion to Quash.  However, Rule 45(d)(2)(B) states that within 14 days of a subpoena being served, the person subject to the subpoena may serve a written objection to the information requested on the party or attorney designated in the subpoena.  Fed. R. Civ. P. 45(d)(2)(B).  After such an objection is made, the serving party may then move for an order compelling production or inspection.  *Id.*  This is precisely what happened here.  ALL served Rollstock with its written objections to the subpoena within 14 days after the subpoena was served.  Rollstock was then permitted to, and did, file this motion.  Therefore, ALL acted in accordance with Rule 45(d)(2)(B).  Rollstock's argument is meritless.

[2] ALL agreed, in its Opposition Brief, to produce request numbers 1, 7, 9, and 16. (ALL Br. in Opp., ECF No. 2, at 11-12.)  Further, it does not specifically raise objections to request number 21 in its brief.  Therefore, the Motion will be granted as to these requests.

"courts should also consider what information is available to the requesting party from other sources." *In re Novartis & Par Antitrust Litig.*, No. 19-149, 2019 U.S. Dist. LEXIS 191606, at *21 (E.D. Pa. Nov. 5, 2019) (citing *Virginia Dept. of Corrections v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019)).  The party requesting discovery "should be able to explain why it cannot obtain the same information, or comparable information that would also satisfy its needs, from one of the parties to the litigation." *Id*.

      Discovery request numbers 2 through 6, 11, 17, and 20 request information and documents that plainly appear to be in the possession or control of Rollstock and/or SupplyOne. Rollstock has given no explanation or reason why it cannot obtain this same information from SupplyOne, or even from its own records.  It would be unreasonable to compel this information from non-party ALL when it is already in the control of the parties, even potentially the party requesting the information.  Therefore, the Motion will be denied as to the above-listed requests.

      ALL also argues that request numbers 8, 10, and 18 seek information that is in the possession of SupplyOne and/or Rollstock according to the Complaint.  However, ALL fails to provide any citations to the Complaint for this proposition and a review of the pleadings in this matter does not suggest that the information requested was turned over by ALL to either of the parties.  The only alleged fact that could lead to this proposition is the allegation that there is separate litigation ongoing between ALL and SupplyOne for damages caused by the Machine.  It is possible that ALL has turned over information responsive to these requests to SupplyOne in the course of that separate litigation.  However, we have found no other indication that the documents responsive to these requests are in the possession of Rollstock or SupplyOne. Therefore, ALL will be compelled to produce documents responsive to these requests to the extent it has not already provided such documents to SupplyOne or Rollstock.

B.     **Requests for ALL's Employee Information and Records**

ALL also argues that requests 12 through 15 involve requests for ALL's employee records that are overbroad, unduly burdensome, and implicate the privacy interests of ALL's employees. We agree as to requests 12, 14, and 15. Request number 14 asks for a broad range of information about ALL's current and past employees since August of 2020, including their names, duties, reasons for termination or resignation, predecessor in position, length of employment, and length of time that position was vacant. Requests 12 and 15 ask ALL to identify all employees who operated or worked on the Machine and details about those employees' work history with ALL. These requests are overbroad and unduly burdensome on ALL and they seek information that goes far beyond what is relevant for this lawsuit. Rollstock fails to offer any argument in support of these particular requests and has not alleged any facts which indicate that these far-reaching requests for employee information are relevant to their claims. *See, e.g.*, *Zukoski v. Phila. Elec. Co.*, No. 93-4780, 1994 U.S. Dist. LEXIS 16187, at *12 (E.D. Pa. Nov. 14, 1994) ("Plaintiffs offer no legal authority to support their position that non-party personnel files are routinely discoverable. Moreover, plaintiffs have not alleged facts in this case which would indicate that the wage records, interview records, payroll records, work histories, employment applications, or job descriptions of these non-party employees are relevant to their claims.").

Request number 13 appears to seek information which could relate to whether the Machine was used consistently with Rollstock's instructions and whether it was ever misused by ALL's employees. Unlike the requests for detailed employee information, this information is clearly relevant to the claims at issue in this case. The other requests are overbroad and do not

appear reasonably calculated to lead to the discovery of admissible evidence. Therefore, the Motion to Compel is granted as to request number 13, but denied as to numbers 12, 14, and 15.

### C. Inspection of the Machine

In support of its Motion, Rollstock asserts that it needs to inspect the Machine in order to determine where the Machine is located, what it is used for, whether it has been modified, and whether ALL still has and is operating the Machine. In opposition, ALL argues that an inspection at this point would constitute a fishing expedition, as the Machine was fixed over a year ago and Rollstock conducted multiple inspections prior to and during the repairs. ALL asserts that those inspections would be better evidence of the Machine's condition during the relevant time, rather than its current condition after having been fixed.

Federal Rule of Civil Procedure 45 allows parties to subpoena non-parties for discovery, including compelling the non-party to permit an inspection. As discussed above, the standard for Rule 45 non-party discovery is more restricted than for parties. Therefore, in compelling an inspection involving a non-party, the Court must weigh the burden to the subpoenaed party against the value of the inspection to the serving party. *Spring Pharm.*, 2019 U.S. Dist. LEXIS 133316, at *10 (citing *Cusumano*, 162 F.3d at 717). In addition, the serving party must make a stronger showing of relevancy for the inspection than it typically would for an inspection involving a party.[3] *Zukoski*, 1994 U.S. Dist. LEXIS 16187, at *10. Courts have broad discretion to determine whether a subpoena is unduly burdensome and whether to enforce them. *Spring*

---

[3] ALL also argues that "the law is clear that inspection requires a higher level of demonstrated need than a request for documents." (ALL Br. at 10, ECF No. 2). In support of this assertion, ALL cites to two cases: one from the Fourth Circuit and one from the District of Colorado. *See Belcher v. Bassett Furniture Indus., Inc.*, 588 F.2d 904, 908 (4th Cir. 1978); *Long v. United States Brass Corp.*, No. 03-B-968 (BNB), 04-B-613 (BNB), 2004 U.S. Dist. LEXIS 14762, at *1 (D. Colo. Aug. 2, 2004). Not only are these cases from outside our Circuit, but they also do not deal with the relevant Federal Rule of Civil Procedure at issue here. These cases interpret Rule 34, which deals with discovery from parties to the litigation. At issue here is Rule 45, discovery from non-parties. For both of these reasons, we will not consider these cases as instructive.

*Pharm.*, 2019 U.S. Dist. LEXIS 133316, at *11; *Maximum Human Performance, LLC v. Stigma-Tau HealthScience, LLC*, No. 12-6526, 2013 U.S. Dist. LEXIS 198330, at *6 (D.N.J. Aug. 26, 2013).

In this case, Rollstock is seeking to inspect the Machine that is the basis for the claims in this case—the Machine Rollstock provided to ALL pursuant to a contract with SupplyOne and that subsequently was not paid for based on the allegation that it failed to function as intended. An inspection of the Machine under these circumstances is crucial to developing Rollstock's claims and defenses, and is likely to reveal admissible evidence with regard to the status and condition of the Machine. While ALL argues that the inspection is not necessary because the Machine has been fixed for over a year and because Rollstock conducted several inspections of the Machine during the repair process, these arguments against inspection are not persuasive. Rollstock's inspections of the Machine during the repair process, before this lawsuit was even filed, had a very different purpose than an inspection done now during discovery. An inspection done in light of the pending lawsuit is undoubtedly relevant and serves a different purpose. Further, ALL does not make any allegation as to how an inspection of the Machine would "unduly burden" them aside from the unsupported allegation that an inspection would "disrupt ALL's operations." Without more, we are not convinced that an inspection would be unduly burdensome on ALL or that any burden posed to ALL would outweigh the need and benefit to Rollstock of conducting an inspection. Therefore, the Motion to Compel will be granted with regard to inspection of the Machine.

### D. Payment

ALL asserts that, as an alternative to denying the Motion altogether, the Court should order Rollstock to pay ALL's costs in responding to the subpoena requests. Under Federal Rule

of Civil Procedure 45, when a subpoena to produce objects or permit an inspection is served upon a non-party and a Motion to Compel the subpoena is granted, the order must protect the non-party from "significant expense" resulting from compliance with the order and subpoena. Fed. R. Civ. P. 45(d)(2)(B)(i); *Sandoz, Inc. v. United Therapeutics Corp.*, No. 19-10179, 2021 U.S. Dist. LEXIS 66467, at *4 (D.N.J. Apr. 6, 2021). However, courts within the Third Circuit have held that when a subpoena is directed to a non-party that is "not a classic disinterested non-party, the court can order the non-party to produce the documents at its own expense." *In re Mushroom Direct Purchaser Antitrust Litig.*, No. 06-620, 2012 U.S. Dist. LEXIS 12319, at *46 (E.D. Pa. Jan. 31, 2012). *See also Sandoz*, 2021 U.S. Dist. LEXIS 66467, at *4; *Software Rights Archive*, No. 09-17, 2009 U.S. Dist. LEXIS 43835, at *2 (D. Del. May 21, 2009) ("[I]n considering how to allocate the costs of production from non-parties, it is relevant to inquire whether the putative non-party actually has an interest in the outcome of the case").

When determining whether fee-shifting is appropriate in these cases, courts should use their discretion and consider the following factors: "(1) whether the nonparty has an actual interest in the outcome of the case; (2) whether the nonparty can more readily bear the costs than can the requesting party; and (3) whether the litigation is of public importance." *Sandoz*, 2021 U.S. Dist. LEXIS 66467, at *4 (citing Moore's Federal Practice § 45.41[3]; *Miller v. Allstate Fire & Cas. Ins. Co.*, No. 07-260, 2009 U.S. Dist. LEXIS 21225, at *2 (W.D. Pa. Mar. 17, 2009)).

In this case, ALL is not a "classic disinterested party." Rather, ALL does have an interest in the outcome of the litigation, as it is the company for whom the Machine was purchased and continues to use the Machine for its business. Further, ALL has separately sued SupplyOne, the Defendant in this litigation, for damages stemming from these same issues with the Machine.

Therefore, ALL clearly has at least some interest in this litigation. Further, ALL has presented no argument or evidence showing that requiring it to bear the cost of compliance with the subpoena would be a "significant expense." Rather, it only claims that requiring ALL to produce information already in the hands of the parties would be unfair under these circumstances because any need for the materials is outweighed by the burden on ALL. However, we have tailored the subpoena requests to account for this concern and have denied the Motion as to subpoena requests that seek information clearly in the control of the parties to the litigation. We also denied the Motion as to requests that are unduly burdensome, overbroad, and not relevant. Therefore, ALL's argument as to why it should not bear the cost of production fails and it has given us no other evidence of "significant expense" in complying with the subpoena. Both Rollstock and ALL appear to have the financial means to comply with the subpoena without significant hardship. Finally, there is very little public importance involved in this matter.

Therefore, because two of the three factors weigh significantly in favor of ALL paying its own production costs, and without more evidence of a "significant expense" on ALL, we decline to impose cost shifting to Rollstock in this case.

**IV.     CONCLUSION**

For the foregoing reasons, Rollstock's Motion to Compel is granted in part and denied in part. The Motion is denied as to request numbers 2-6, 11-12, 14-15, 17, and 20. The Motion is granted as to request numbers 1, 7-10, 13, 16, 18, and 21. ALL must produce documents responsive to these requests to the extent it has not already provided such documents to SupplyOne or Rollstock. The Motion is granted as to Rollstock's request to inspect the Machine and ALL is ordered to permit such an inspection. Finally, ALL shall bear the burden of the cost of compliance with the subpoena as narrowed through this order.

BY THE COURT:


___/s/ R. Barclay Surrick___
**R. BARCLAY SURRICK, J.**